09-2876-ag
Lian v. Holder

BIA
Holmes-Simmons, IJ
A094 219 205

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
>        ROBERT D. SACK,
>        REENA RAGGI,
>        GERARD E. LYNCH,
>             *Circuit Judges*.

_____

YONG XIU LIAN,
>        *Petitioner*,

>        v.                                    09-2876-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, BOARD OF IMMIGRATION
APPEALS,
>        *Respondents*.

_____

FOR PETITIONER:        Farah Loftus, Century City,
                       California.

FOR RESPONDENTS:       Tony West, Assistant Attorney
                       General, Civil Division; Mary Jane
                       Candaux, Assistant Director, Office
                       of Immigration Litigation; Laura
                       M.L. Maroldy, Attorney, Office of
                       Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Xiu Lian, a native and citizen of the People's Republic of China, seeks review of a June 11, 2009, order of the BIA affirming the October 2, 2007, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying Lian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Xiu Lian*, No. A094 219 205 (B.I.A. June 11, 2009), *aff'g* No. A094 219 205 (Immig. Ct. N.Y. City Oct. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As a preliminary matter, because the IJ's finding that

2

Lian failed to meet her burden of proof for asylum is supported by substantial evidence, we need not reach the IJ's alternative finding that Lian was ineligible for asylum because her application was untimely. *See Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir. 2004)(exercising "hypothetical jurisdiction" and deciding merits where case presented question of statutory, no constitutional, jurisdiction).

Lian argues that the government "has not rebutted the presumption [of a well-founded fear] by showing by a preponderance of the evidence that conditions in China had changed." However, in the absence of a finding of past persecution, the burden does not shift to the government to demonstrate a fundamental change in country conditions. *See* 8 C.F.R. 1208.16(b)(1)(i)(A). Here, because Lian acknowledges that she did not establish past persecution, her argument is without merit.

Moreover, substantial evidence supports the IJ's conclusion that Lian failed to demonstrate a well-founded fear of future persecution. With respect to Lian's fear of persecution based on the birth of her two U.S. citizen children, as the IJ found, she presented no evidence that

3

Chinese authorities would seek to forcibly sterilize her on that basis.  *See Jian Hui Shao*, 546 F.3d at 163.

The IJ also reasonably found that Lian failed to establish a well-founded fear of persecution based on her practice of Falun Gong, because the Chinese government was not likely to become aware of Lian's practice when she only practices inside her home.  We are not persuaded by Lian's argument that this analysis was erroneous.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir. 2007).

Lian argues generally that because her testimony was credible, she necessarily established a well-founded fear of future persecution.  However, although credible testimony alone *may* suffice to sustain an applicant's burden, it does not always.  *See Diallo v.* INS, 232 F.3d 279, 287 (2d Cir. 2000).  Here, the IJ was under no obligation to grant asylum based solely on Lian's testimony.

As Lian was unable to meet her burden for asylum, she necessarily failed to meet the higher burden required for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Similarly, because Lian failed to

4

present any specific evidence that someone in her particular alleged circumstances faces a likelihood of torture in China, the IJ reasonably denied her request for CAT relief. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158, 159-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk